UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**          CASE NO. 8:16-196-T-35MAP

vs.

**JOSE SAENZ-QUINTERO**

**SENTENCING MEMORANDUM**

The Defendant, Mr. Jose Saenz-Quintero, by and through his undersigned attorney, Ms. Cynthia J. Hernandez, pursuant to 18 U.S.C. §§ 3553 and 3551 and the United States Sentencing Guidelines ("U.S.S.G."), hereby files this Sentencing Memorandum in support of his request for a reasonable sentence that is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553, namely, a prison sentence of no more than ten years. However, should the United States choose to recognize the substantial assistance Mr. Jose Saenz-Quintero provided it and file a motion pursuant to the provisions of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court should sentence Mr. Saenz-Quintero to seventy months in prison.

As grounds for this request, the Defendant states the following:

**MEMORANDUM OF LAW AND ARGUMENT**

This Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining Mr. Saenz-Quitero's sentence. Considering each of the relevant factors in light of this case, and Mr. Saenz-Quitero's life and background; he should be sentenced to no more than ten years in prison, the mandatory-minimum term of imprisonment provided by the relevant statute. In the alternative, should the United States choose to recognize the substantial assistance Mr. Saenz-Quitero provided it and file a motion pursuant to the provisions of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court should sentence Mr. Saenz-Quintero to seventy months in prison.

1

Seventy months in prison for the crime Mr. Saenz-Quintero committed is more than sufficient, and any sentence more than ten years is unreasonable and unduly harsh. While Mr. Saenz-Quintero committed a federal crime, he admitted his involvement in a timely manner, expressed extraordinary remorse and regret over his participation in the crime, agreed to cooperate with federal agents and told them everything he knew related to this case, and entered his guilty plea knowing he will be deported after serving a lengthy term of incarceration. Furthermore, the nature and circumstances of his offense, his personal history, and his relative youth and personal characteristics weigh in favor of a sentence of seventy months, and no longer than ten years. While his behavior and actions related to this case were wrong, they were not violent in nature. Mr. Saenz-Quintero never used violence and never issued threats of violence, he has no criminal history, and he poses no personal danger to anyone in any society. Finally, his involvement in the conspiracy and role in the offense were not even remotely sophisticated.

In addition, under the parsimony principal, which requires a district court to impose a sentence "sufficient, but not greater than necessary to comply with the purpose of sentencing" set forth in 18 U.S.C. § 3553(a)(2), the sentence in this case should be the minimum necessary to accomplish the listed purposes. Each of the purposes listed by 18 U.S.C. § 3553(a)(2) would be achieved with a prison sentence of seventy months, and no longer than ten years. With regard to a just punishment and deterrence, Mr. Saenz-Quintero's actions were no doubt morally wrong, legally forbidden, and misguided, and the requested sentence, which will be followed with deportation, would effectively and adequately punish him for those actions. Such a sentence would also deter him from returning to such unlawful and immoral activities in the future, no matter how desperate he became, and would lead both Mr. Saenz-Quintero and the general public to seriously consider the behavior they choose to engage in.

## CONCLUSION

For the reasons stated herein, Mr. Saenz-Quintero respectfully urges this Court to impose a prison sentence of no more than ten years. However, should the United States choose to recognize the substantial assistance Mr. Saenz-Quintero provided it and file a motion pursuant to

the provisions of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court should sentence Mr. Saenz-Quintero to seventy months in prison.

Mr. Saenz-Quintero also requests that this Court make the following recommendations as part of his sentence:

1. 1) Recommend Mr. Saenz-Quintero be housed at a facility that would afford him the opportunity to learn and become proficient in the English language;
2. 2) Recommend Mr. Saenz-Quintero be housed at a facility that would afford him the opportunity to earn a GED and learn a vocational trade.

**WHEREFORE**, the Defendant, Mr. Jose Saenz-Quintero respectfully requests a prison sentence of seventy months, and no more than ten years.

Respectfully submitted,

/S/ Cynthia Hernandez, Esq.
Soukkala Law Firm
Florida Bar No.010422
3030 N. Rocky Point Dr., Suite 150
Tampa, Florida 33607
Telephone: (813) 841-2933
Facsimile: (813) 864-6735
Email: cjhernandezlaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was furnished via electronic filing U. S. Mail to Assistant United States Attorney Daniel Baeza, 400 N. Tampa St., Tampa, FL 33602, this 11th day of October, 2016.

/S/ Cynthia Hernandez, Esq.

Cynthia Hernandez, Esq.